UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| BARBARA SPROUSE, ) ) Plaintiff, ) ) -vs- ) ) ANDREW M. SAUL, ) Commissioner of Social Security, ) ) Defendant. ) _____ ) | Civil Action No.: 4:20-CV-0685-RMG-TER **REPORT AND RECOMMENDATION** |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income(SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied.

### I. RELEVANT BACKGROUND

**A. Procedural History**

On April 11, 2016, Plaintiff filed an application for DIB and SSI, with an alleged onset date of March 30, 2016. (Tr. 20). Plaintiff's claims were denied initially and upon reconsideration. Thereafter, Plaintiff filed a request for a hearing. A hearing was held on October 11, 2018, at which time Plaintiff and a vocational expert (VE) testified. (Tr. 160). The Administrative Law Judge (ALJ) issued an unfavorable decision on January 15, 2019, finding that Plaintiff was not disabled within the meaning of the Act. (Tr. 20-30). Plaintiff submitted additional evidence and filed a request for review of the ALJ's decision, which the Appeals Council denied on December 13, 2019, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3). On February 10, 2020,

Plaintiff filed an action in this court. (ECF No. 1).

**B.    Plaintiff's Background and Medical History**

Plaintiff was born on December 7, 1975, and was forty years old on the alleged onset date. (Tr. 29). Plaintiff has past relevant work experience as a motel housekeeper. (Tr. 28-29).

**C.    The ALJ's Decision**

In the decision of January 15, 2019, the ALJ made the following findings of fact and conclusions of law(Tr. 20-30):

1.   The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

2.   The claimant has not engaged in substantial gainful activity since March 30, 2016, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3.   The claimant has the following severe impairments: lumbar degenerative disc disease, obesity, depression, anxiety and post-traumatic stress disorder (20 CFR 404.1520(c) and 416.920(c)).

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.   After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasionally climb ropes/ladders/scaffolds, frequently climb steps/ramps, balance, stoop, kneel, crouch and crawl. She can frequently work at unprotected heights and around moving mechanical parts. She can sustain concentration, persistence and pace sufficient to perform unskilled work and her use of judgment is limited to performing simple work related decisions. She can occasionally interact with the public.

6.   The claimant is capable of performing past relevant work as a Housekeeper, DOT 323.687-014 light, SVP 2. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7.   The claimant has not been under a disability, as defined in the Social Security Act, from

March 30, 2016, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

## II. DISCUSSION

Plaintiff argues in assigning great weight to opinions of the non-examining state agency consultants, the ALJ failed to reconcile such opinions where the two consultants opined Plaintiff could "understand and remember <u>short and simple instructions</u> and was capable of performing simple tasks without special supervision," where the RFC only included a limitation to <u>unskilled</u> work. Plaintiff argues the ALJ failed to account in the RFC for previously found moderate limitations in concentration, persistence, or maintaining pace in accordance with *Mascio*. Plaintiff argues additional evidence submitted to the Appeals Council was not properly evaluated.

Defendant argues that the ALJ's decision is supported by substantial evidence.

**A.     LEGAL FRAMEWORK**

### 1.     The Commissioner's Determination–of–Disability Process

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. § 423(a). Section 423(d)(1)(A) defines disability as: the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.  42 U.S.C. § 423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, regulations promulgated under the Act have reduced the statutory definition of disability to a series of five sequential questions. *See, e.g., Heckler v. Campbell*, 461 U.S. 458, 460 (1983) (discussing considerations and noting the "need for efficiency" in considering disability claims). An examiner must consider the

3

following: (1) whether the claimant is engaged in substantial gainful activity ("SGA"); (2) whether he has a severe impairment; (3) whether that impairment meets or equals an impairment included in the Listings;[1] (4) whether such impairment prevents claimant from performing PRW;[2] and (5) whether the impairment prevents him from doing SGA. *See* 20 C.F.R. § 404.1520. These considerations are sometimes referred to as the "five steps" of the Commissioner's disability analysis. If a decision regarding disability may be made at any step, no further inquiry is necessary. 20 C.F.R. § 404.1520(a)(4) (providing that if Commissioner can find claimant disabled or not disabled at a step, Commissioner makes determination and does not go on to the next step).

A claimant is not disabled within the meaning of the Act if he can return to PRW as it is customarily performed in the economy or as the claimant actually performed the work. See 20 C.F.R. Subpart P, § 404.1520(a), (b); Social Security Ruling ("SSR") 82–62 (1982). The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423(d)(5).

---

[1] The Commissioner's regulations include an extensive list of impairments ("the Listings" or "Listed impairments") the Agency considers disabling without the need to assess whether there are any jobs a claimant could do. The Agency considers the Listed impairments, found at 20 C.F.R. part 404, subpart P, Appendix 1, severe enough to prevent all gainful activity. 20 C.F.R. § 404.1525. If the medical evidence shows a claimant meets or equals all criteria of any of the Listed impairments for at least one year, he will be found disabled without further assessment. 20 C.F.R. § 404.1520(a)(4)(iii). To meet or equal one of these Listings, the claimant must establish that his impairments match several specific criteria or be "at least equal in severity and duration to [those] criteria." 20 C.F.R. § 404.1526; *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987) (noting the burden is on claimant to establish his impairment is disabling at Step 3).

[2] In the event the examiner does not find a claimant disabled at the third step and does not have sufficient information about the claimant's past relevant work to make a finding at the fourth step, he may proceed to the fifth step of the sequential evaluation process pursuant to 20 C.F.R. § 404.1520(h).

Once an individual has made a prima facie showing of disability by establishing the inability to return to PRW, the burden shifts to the Commissioner to come forward with evidence that claimant can perform alternative work and that such work exists in the regional economy. To satisfy that burden, the Commissioner may obtain testimony from a VE demonstrating the existence of jobs available in the national economy that claimant can perform despite the existence of impairments that prevent the return to PRW. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the Commissioner satisfies that burden, the claimant must then establish that he is unable to perform other work. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981); *see generally Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987) (regarding burdens of proof).

### 2. The Court's Standard of Review

The Act permits a claimant to obtain judicial review of "any final decision of the Commissioner [ ] made after a hearing to which he was a party." 42 U.S.C. § 405(g). The scope of that federal court review is narrowly-tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the Commissioner applied the proper legal standard in evaluating the claimant's case. *See id.*; *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Walls*, 296 F.3d at 290 (*citing Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The court's function is not to "try these cases *de novo* or resolve mere conflicts in the evidence." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *see Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir.1988) (*citing Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). Rather, the court must uphold the Commissioner's decision if it is supported by substantial evidence. "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 390, 401; *Johnson v. Barnhart*, 434 F.3d 650, 653

(4th Cir. 2005). Thus, the court must carefully scrutinize the entire record to assure there is a sound foundation for the Commissioner's findings and that her conclusion is rational. *See Vitek*, 438 F.2d at 1157-58; *see also Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed "even should the court disagree with such decision." *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**B.    ANALYSIS**

**Opinions: Non-examining**

Plaintiff argues in assigning great weight to opinions of non-examining state agency consultants, the ALJ failed to reconcile such opinions where the two consultants opined Plaintiff could "understand and remember <u>short and simple instructions</u> and was capable of performing simple tasks without special supervision," where the RFC only included a limitation to <u>unskilled</u> work.

The Social Security Administration's regulations provide that "[r]egardless of its source, we will evaluate every medical opinion we receive." 20 C.F.R. § 404.1527(c). Generally, more weight is given to the opinions of examining physicians than nonexamining physicians. More weight is given to the opinions of treating physicians since they are more likely to be able to provide a detailed, longitudinal picture of a claimant's medical impairment. *See* 20 C.F.R. § 404.1527(c). The medical opinion of a treating physician is entitled to controlling weight, i.e., it must be adopted by the ALJ, if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record. *See* 20 C.F.R. § 404.1527(c)(2), SSR 96-2p, and *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001). Thus, "[b]y negative implication, if a physician's opinion is not supported by clinical evidence, it should be

accorded significantly less weight." *Craig v. Chater*, 76 F.3d 585,590 (4th Cir. 1996). Under such circumstances, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence." *Mastro*, 270 F.3d at 178 (citing *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992)).

In determining what weight to give the opinions of medical sources, the ALJ applies the factors in 20 C.F.R. § 404.1527(c)(1)-(6), which are: whether the source examined the claimant; whether the source has a treatment relationship with the claimant and, if so, the length of the relationship and the frequency of examination; the nature and extent of the treatment relationship; the supportability and consistency of the source's opinion with respect to all of the evidence of record; whether the source is a specialist; and, other relevant factors. *See* SSR 96-2p; *Hines v. Barnhart*, 453 Fd 559,563 (4th Cir. 2006).

State agency medical consultants "are highly qualified ...who are also experts in Social Security disability evaluation. Therefore, administrative law judges must consider findings and other opinions of State agency medical and psychological consultants and other program physicians, psychologists, and other medical specialists as opinion evidence, except for the ultimate determination about whether you are disabled." 20 C.F.R. § 404.1527(e).

In assigning great weight to non-examining state agency findings the ALJ stated:

> As for the opinion evidence, I have given great weight to the State Agency findings at Exhibits 2A, 3A, 7A and 8A that claimant can perform a range of unskilled light work with postural and environmental limitations and only occasional interaction with the public as their findings are consistent with the longitudinal record including Exhibits 21F, 23F and 25F).

(Tr. 28).

On September 30, 2016, Dr. Waller, Ph.D., a non-examining state agency consultant, opined

Plaintiff was "able to understand and remember short and simple instructions and is capable of performing simple tasks without special supervision." Plaintiff may miss an occasional workday due to depression and anxiety. (Tr. 77, 90)(Exhibits 2A, 3A). Plaintiff was moderately limited in ability to understand and remember detailed instructions. Plaintiff was moderately limited in ability to maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, complete a normal workday/workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, and moderately limited in ability to interact appropriately with the general public. (Tr. 76-77). On March 8, 2017, Dr. Harkness, Ph.D., a non-examining state agency consultant, reviewed all the evidence and the initial assessment was still appropriate and applicable and adopted Dr. Waller's limitations as written. (Tr. 104, 110)(Exhibit 8A).

The ALJ erroneously summarized the two opinions of non-examining state agency specialists as "unskilled," which the record belies. The ALJ did not parse out the opinions and gave great weight to the findings. Thus, the ALJ gave great weight to the two opinions that Plaintiff was "able to understand and remember short and simple instructions and is capable of performing simple tasks without special supervision." (Tr. 77, 110). The ALJ does not reconcile this with the RFC given of "can sustain concentration, persistence and pace sufficient to perform unskilled work and her use of judgment is limited to performing simple work related decisions." (Tr. 25). The ability to perform "unskilled" work differs from the ability to understand and remember "short and simple instructions." *See e.g. Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019).

In formulating the RFC, the ALJ is required to "explain how any material inconsistencies or

ambiguities in the evidence in the case record were considered and resolved." SSR 96–8, *7. The ALJ's RFC cannot be said to be supported by substantial evidence where the court is left to guess how two opinions of non-examining specialists can be assigned great weight by the ALJ and be found by the ALJ to be consistent with the record and then less restrictive RFC limitations are found without explanation by the ALJ or resolving the self-made conflict within the ALJ's opinion itself. While the ALJ is not required to convert exact opinions into an exact RFC, where the ALJ gives great weight to an opinion, the ALJ then cannot ignore the opined limitations in explaining and formulating the RFC determination. The evaluation of the RFC is not in a vacuum apart from the evaluation of the opinion evidence. The court is left to guess why the opined limitation to short and simple instructions and simple tasks was rejected by the ALJ without explanation where the ALJ gave great weight to such opinions containing said limitation.

Proper explanation of this issue may have a significant impact on the Commissioner's determination at other Steps and on the availability of work for Plaintiff in the national economy at Step Five. Therefore, this court will not address the remaining steps in the sequential evaluation or Plaintiff's remaining issues. Upon remand, the ALJ should take into consideration Plaintiff's allegations of error, including but not limited to Plaintiff's arguments regarding *Mascio* and the RFC and additional evidence submitted to the Appeals Council and support findings on such with citation to substantial evidence and provide logical explanation from the evidence to the ultimate conclusions. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

### III. CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, conduct a proper review based on the record

presented. Accordingly, pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631(c)(3) of the Social Security Act, 42 U.S.C. Sections 405(g) and 1338(c)(3), it is recommended that the Commissioner's decision be reversed and that this matter be REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings in accordance with this opinion.

April 28, 2021  
Florence, South Carolina

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).